# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THIERRY RUGAMBOA, as father and next friend of DEIMITRY SEZIBARA, a minor, )))) | |
| ) | No. 06 C 1142 |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | |
| INNOCENT RUNGENGA and ) | |
| HENRIETTE NYRIARUQUNDO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Thierry Rugamboa, as father and next friend of Deimitry Sezibara, has sued Innocent Rungenga and Henriette Nyriaruqundo for damages arising out of a car accident that occurred in Kalamazoo, Michigan. Defendants have filed a motion pursuant to 28 U.S.C. § 1404 to transfer the case to the Western District of Michigan. For the reasons set forth below, the motion is granted.

### Discussion

In relevant part, section 1404 states, "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Under this section, transfer is appropriate when: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will foster the convenience of the parties and witnesses and will promote the interests of justice."

*Amoco Oil Co. v. Mobile Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). The moving party has the burden of showing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219-20 (7th Cir. 1986).

It is undisputed that jurisdiction and venue are proper both here and in the Western District of Michigan. Therefore, the Court will address only the last factor, the convenience of the parties and witnesses and the interest of justice.

To evaluate this factor, the Court must examine various private and public interests. *Saunders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). The private interests concern the litigation's impact on the parties, and include: "(1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience to the parties, and (5) the convenience of the witnesses." *Amoco Oil*, 90 F. Supp. 2d at 960. The public interests concern the litigation's impact on the court system, and include "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 961-62.

### Plaintiff's Choice of Forum & Situs of Material Events

Generally, plaintiff's choice of forum is given significant weight, especially if plaintiff lives there. *Id.* at 960. Plaintiff's choice is given much less deference, however, if the chosen forum has little connection to the suit. *Id.* at 960-61. Such is the case here. Plaintiff lives in Illinois, but that is the only connection the State has to this suit. Illinois is not defendants' home state, and the accident that spawned this suit did not happen

here. Rather, all of the material events – the accident, the conduct that lead up to it, the resulting injuries, and the emergency medical treatment given to Sezibara – occurred in Michigan. Because Illinois is not the situs of material events, plaintiff's decision to sue here is due little deference.

**Relative Ease of Access to Proof & Convenience of the Witnesses**

Defendant argues that this case should be transferred to Michigan because: the emergency medical personnel who treated Sezibara are in Michigan; the records pertaining to that treatment are in Michigan; anyone who witnessed the accident is in Michigan; and the accident scene, should it need to be viewed, is there as well.

Plaintiff acknowledges that the accident scene and the paramedics who treated Sezibara are in Michigan. (Pl.'s Resp. Mot. Transfer at 3-4.) But he says the medical personnel who gave Sezibara follow-up treatment and the records of that treatment are in Illinois.

The location of Sezibara's various medical records has no impact on the transfer analysis. Unless the records are extraordinarily voluminous or otherwise difficult to ship, which neither party argues, they can easily be transported from one jurisdiction to another. Thus, the fact that relevant records may be in each district does nothing to further the analysis. *See IP Innovation L.L.C. v. Matsushita Elec. Indus. Co., Ltd.*, No. 05 C 902, 2005 WL 1458232, at *2 (N.D. Ill. June 13, 2005) (stating that access-to-proof factor is neutral if documents can easily be shipped).

The parties' assertions that any witnesses to the accident are in Michigan and the follow-up medical care providers are in Illinois are no more helpful. Neither party

3

identifies these purported witnesses or provides any indication of what their testimony would be. Absent such information, the location of these alleged witnesses has no impact on the analysis. *See Moore v. Am. Tel. & Tel. Latin Am. Corp.*, 177 F. Supp. 2d 785, 790 (N.D. Ill. 2001) (stating that "part[ies] must specify key witnesses and describe their testimony in a manner that goes beyond vague generalizations" because court must "consider not only the number of witnesses located in [each] district[], but also the nature and quality of their testimony" (quotation omitted)).

In sum, the only third-party witnesses and non-transferrable evidence the parties have identified are the paramedics who treated Sczibara after the accident and the accident scene itself. The parties agree that the paramedics are in Michigan and, though they disagree about the need for a site visit, it is obvious that one could be performed only if the case is tried in Michigan. Consequently, the access-to-proof factor favors a transfer.

## Convenience of the Parties

Plaintiff states that he would have great difficulty financing this case if it goes to trial in Michigan, but he does not say why. (*See* Pl.'s Resp. Mot. Transfer at 5.) Moreover, given the relatively small distance between this district and the Western District of Michigan, and that fact that plaintiff is represented by counsel, the source of the claimed financial hardship is not readily apparent. In any event, because plaintiff is a resident of this State, we can assume it would be more convenient for him to litigate here.

Defendants do not live in Illinois or Michigan, and they do not argue that

litigating here will be substantially harder for them than litigating in Michigan. Thus, the convenience-of-the-parties factor militates in favor of our retaining the case.

On balance, the private interest factors do not clearly favor either forum. The forum-choice and party-convenience factors favor Illinois, but the situs-of-material-events and access-to-proof factors favor Michigan. Thus, we turn to the public interest factors for further guidance.

### Speed to Trial

In 2005, the last year for which statistics are available, it took an average of 6.9 months for a civil case filed in this district to be resolved. *See* Federal Court Management Statistics, U.S. District Court – Judicial Caseload Profile, *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. In the same period, it took an average of 9.0 months for a civil case filed in the Western District of Michigan to be resolved. *Id.* Because this case will proceed at roughly the same pace in either court, the speed-to-trial factor is neutral.

### Familiarity with Applicable Law

The fact that the case was filed in Illinois does not mean that it is governed by Illinois law. To determine which state's law governs this case, we must apply Illinois' choice-of-law principles. *See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 50 F.3d 476, 478 (7th Cir. 1995) ("[A] federal court sitting in diversity must first apply the forum state's choice of law rules . . . ."). In tort cases, those choice-of-law rules require "Illinois courts [to] apply the local law of the place of the injury unless Illinois has a

5

more significant relationship with the occurrence and with the parties." *Vickrey v. Caterpillar Tractor Co.*, 497 N.E.2d 814, 816 (Ill. App. Ct. 1986). In addition to the place of injury, Illinois courts consider: (1) where the conduct causing the injury occurred; (2) the domicile, residence, place of incorporation and place of business of the parties; and (3) where the relationship between the parties, if any, is centered. *Id.* at 817. These contacts "should be weighed according to their importance to the specific issue presented by the action." *Id.*

The place of injury in this case is Michigan. Thus, Michigan law applies unless Illinois has a more significant relationship to this case. It does not. Illinois is plaintiff's home state, but it is not where defendants reside or where the accident, the conduct that gave rise to it and the injuries that resulted from it occurred. In short, Michigan has the most significant relationship to this case. Thus, its law governs.

Tort law, which applies to this case, is not especially complex. But a Michigan court will be far more familiar with Michigan tort law than will this Court. Consequently, the familiarity-with-the-law factor weighs in favor of a transfer.

### Desirability of Resolving Cases Where They Arise & Relationship to Community

Because the accident occurred on a Michigan road, was investigated by Michigan law enforcement and involved Michigan emergency medical personnel, that State has a substantial interest in the resolution of this case. Further, it is in the public interest to have this dispute decided where it arose and to have the local residents act as jurors for this case. Consequently, these factors weigh heavily in favor of a transfer.

## Conclusion

Taken together, the private interest factors, which favor neither forum, and the public interest factors, which heavily favor Michigan, militate in favor of a transfer. Defendant's motion to transfer venue [doc. no. 20] is, therefore, granted. The Clerk of the Court is ordered to transfer this case to the Western District of Michigan.

**SO ORDERED.**　　　　　　　　　ENTER:　1/30/07

RONALD A. GUZMAN
**United States District Judge**